532 S.E.2d 607

**In the Matter of Lee W. AILSHIE, Respondent.**

**No. 25139.**

Supreme Court of South Carolina.

Submitted May 1, 2000.
Decided June 5, 2000.

Senior Assistant Attorney General James G. Bogle, Jr., and Henry B. Richardson, both of Columbia, for the Office of Disciplinary Counsel.

Wilmot B. Irvin, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to either an indefinite suspen-

sion or disbarment from the practice of law. We accept the agreement for disbarment retroactive to the date of respondent's interim suspension.[1]

The facts in the agreement are as follows. Respondent's former law practice focused predominately on real estate transactions. In 1991, respondent co-signed on a $40,000 loan for a friend. Thereafter, respondent began to lend and give money to friends from his client escrow account, and respondent estimates the total amount given to be in excess of $100,000. Respondent also used escrow account funds to pay personal income taxes, business and personal debts, and employees' salaries. From 1991 to 1999, he deposited personal funds into his client trust account, including loans from relatives, totaling approximately $350,000 to $400,000.

Respondent also committed misconduct in his handling of real estate matters. He admits that he held mortgage payoff checks from a closing in his account instead of paying the mortgage company. Respondent would wait until he received additional funds from a subsequent closing before making the previous mortgage payoffs. Respondent paid any interest accrued on the mortgage payoff funds after the closing to some of his clients' lenders or to the clients personally. He was eventually unable to continue this practice because of the large amount of money he had to pay for interest. Respondent admits that he would falsify deposit receipts and label checks with inaccurate client file numbers.

Respondent was retained to perform a real estate closing on June 14, 1999. He was hospitalized on June 11, 1999, and did not perform the closing. The funds for the closing, however, were still wired to respondent's escrow account. The clients obtained another attorney to perform the closing and had to wire additional funds to that attorney for the closing. The clients have been reimbursed approximately $19,728.16 from the Lawyers Fund for Client Protection as administered by the South Carolina Bar.

Investors Title Insurance Company wrote the title insurance for respondent's real estate transactions. By June 14, 1999, they had estimated losses due to respondent's miscon-

---

1. Respondent was placed on interim suspension by this Court on June 18, 1999. *In the Matter of Ailshie,* 335 S.C. 375, 517 S.E.2d 438 (1999).

duct in the approximate amount of $485,649.18. Respondent admits that losses attributable to his misappropriation of client funds are at least $423,000. Investor's Title Insurance Company has filed suit against respondent in the United States District Court for the District of South Carolina, Charleston Division, to recover their losses.

Respondent, through his attorney, filed a self-report of misconduct regarding his handling of his client trust accounts to the Office of Disciplinary Counsel on June 14, 1999. Respondent admits misconduct and asserts in mitigation that he has been suffering from various emotional disorders, resulting in suicide attempts, for over a decade.

## Conclusion

By his actions, we find that respondent has violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. He failed to abide by his clients' decisions regarding representation. Rule 1.2(a). He failed to keep client funds separate from his own property, to promptly deliver funds to a client or third party funds that the client or third party was entitled to receive, and to render promptly a full accounting. Rule 1.15(a),(b), and (c). Respondent engaged in conduct involving dishonesty, fraud, deceit,. or misrepresentation. Rule 8.4(a),(b), and (d).

In our opinion, respondent's misconduct warrants disbarment from the practice of law. Accordingly, respondent is disbarred retroactive to the date of his interim suspension, June 18, 1999. Additionally, respondent must pay restitution to all injured parties, including current victims, victims who may surface at a future date and the Lawyers Fund for Client Protection, prior to seeking reinstatement.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DISBARRED.